UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 21-cr-188-RDM |
| v. : | |
| : | |
| PAUL A. HODGKINS, : | |
| : | |
| Defendant. : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S
### MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL

The United States of America, by and through its attorney the Acting United States Attorney of the District of Columbia, opposes the defendant's motion to extend time to file a notice of appeal. The defendant pleaded guilty on June 2, 2021, pursuant to a written plea agreement that contained various appeal waivers. Dkt. 22. He was sentenced by this Court on July 19, 2021, to a term of eight months in custody, which was well below the government recommendation and the U.S. Sentencing Guidelines calculation. Minute Entry July 19, 2021. A final judgment was entered against him on July 20, 2021, Dkt. 37, and the defendant failed to file a timely notice of appeal. Pursuant to the waivers contained in Paragraph 9 of the defendant's written plea agreement, his only avenue to appeal or challenge his conviction or sentence is through a claim of ineffective assistance of counsel. Dkt. 22.

Although ineffective assistance of counsel by defense counsel in explaining to a defendant his right to appeal may constitute "good cause" to extend the notice of appeal deadline, here, there is no proof of such ineffective assistance of counsel. Rather, there are unsworn attorney allegations in a pleading that do not themselves constitute evidence. Thus, determining whether defense counsel rendered ineffective assistance of counsel in his appeal-related advice would

1

require an evidentiary hearing at which defense counsel would testify to identify all of the information counsel knew or should have known. Without such a hearing, and in the absence of a sworn declaration or any actual evidence regarding his attorney's performance, the defendant cannot establish his attorney's ineffective assistance of counsel, and thus has not established "good cause" warranting an extension of time.

It is unclear why the defendant is so intent upon bringing a direct appeal alleging that his initial attorney rendered ineffective assistance. As noted, faced with ineffective assistance of counsel claims on direct appeal, the D.C. Circuit's "'general practice is to remand the claim for an evidentiary hearing' unless 'the trial record alone conclusively shows' that the defendant either is or is not entitled to relief." *United States v. Rashad*, 331 F.3d 908, 909-10 (D.C. Cir. 2003) (quoting *United States v. Fennell*, 53 F.3d 1296, 1303-04 (D.C. Cir. 1995)). The government is unaware of anything in the record "conclusively" showing that the defendant's initial attorney rendered ineffective assistance, and thus any appeal would (at most) end up with a remand to this Court to conduct further proceedings on the defendant's ineffective assistance claims. Notably, the defendant can bring such claims directly, more quickly, and in a timely fashion, via a motion under 28 U.S.C. § 2255, and his ability to do so is not waived by the plea agreement.

Accordingly, the government thus opposes the defendant's motion for an extension of time to file his notice of appeal because he has not made a factual showing of "good cause" to do so, recognizing that the defendant may bring ineffective assistance claims against his plea counsel via a 2255 motion regardless of whether he is able to notice a direct appeal.

        Respectfully submitted,

        CHANNING PHILLIPS
        Acting United States Attorney

D.C. Bar No. 415793

By:            */s/ Mona Sedky*
Mona Sedky
Special Assistant United States Attorney
D.C. Bar. Bar 447968
555 4th Street, N.W., Rm. 4842
Washington, D.C. 20530
(202) 262-7122; Mona.Sedky2@usdoj.gov