# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>PAUL ALLARD HODGKINS,<br><br>　　　*Defendant*. | Criminal Action No. 21-188 (RDM) |

## ORDER

Now before the Court is Defendant Paul Allard Hodgkins's motion for extension of time to file a notice of appeal, Dkt. 40, which the government opposes, Dkt. 44. For the reasons that follow, the Court will **GRANT** the motion.

The Federal Rules of Appellate Procedure provide that, "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A)(i). Here, the "judgment" Hodgkins seeks to appeal was entered on July 23, 2021, Dkt. 37, and thus Hodgkins had until August 6, 2021 to notice an appeal, *see* Fed. R. App. P. 4(b)(6) ("A judgment or order is entered for purposes of [] Rule 4(b) when it is entered on the criminal docket."). All agree that Hodgkins failed to comply with this requirement. Rule 4, however, permits the Court to "extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)" "[u]pon a finding of good cause or excusable neglect." Fed. R. App. P. 4(b)(4). Hodgkins argues that, under this standard, the Court should extend his time to file a notice of appeal by 30 days. *See* Dkt. 40.

The Court agrees that Hodgkins's failure to timely file his notice of appeal constitutes "excusable neglect." Fed. R. App. P. 4(b)(4). "[T]he determination of excusable neglect is an equitable matter," which turns on "several factors," including "[1] the risk of prejudice to the non-movant, [2] the length of delay, [3] the reason for the delay, including whether it was in control of the movant, and [4] whether the movant acted in good faith." *FG Hemisphere Assocs., LLC v. Democratic Republic of Congo*, 447 F.3d 835, 838 (D.C. Cir. 2006). Although this understanding of "excusable neglect" was first espoused in a case interpreting a provision of the Bankruptcy Code, *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993), courts regularly apply it in criminal cases, *see Stutson v. United States*, 516 U.S. 193, 195 (1996) (discussing "the applicability of *Pioneer*'s liberal understanding of 'excusable neglect' to the Rule 4(b) criminal appeal context," and noting the consensus among the courts of appeals that "the *Pioneer* standard applies in Rule 4 cases").

"[A]ccount[ing] [for] all relevant circumstances surrounding" Hodgkins's failure to timely notice an appeal, the Court concludes that his "neglect of [the] deadline is excusable," *Pioneer*, 507 U.S. at 395. Applying the first two factors, the Court concludes that the government will suffer no cognizable prejudice from the delay and that the length of the delay is minimal. It is unlikely that the additional 30 days that Hodgkins seeks will have a material effect on any appellate review of his conviction or sentence. The government argues that Hodgkins could just as easily, and perhaps more efficiently, raise any claim of ineffective assistance of counsel by filing a motion with this Court under 28 U.S.C. § 2255, rather than raising such a claim on direct appeal. Dkt. 44 at 2. And, the government is correct that the D.C. Circuit typically remands claims of ineffective assistance of counsel raised on direct appeal for an evidentiary hearing, "unless the 'record alone conclusively shows that the defendant either is or

2

is not entitled to relief.'" *United States v. Mohammed*, 693 F.3d 192, 202 (D.C. Cir. 2012) (citation omitted). But that practice is not universal, *see*, *e.g.*, *United States v. Marshall*, 946 F.3d 591, 596-97 (D.C. Cir. 2020), and, more importantly, the decision whether to raise a challenge on direct appeal or on collateral review is properly left to the defendant in the first instance. That decision poses possible risks, but it is a decision for the defense to make, and neither the government nor the Court can—or should—step into the shoes of defense counsel.

      The third factor—the reason for the delay, including whether it was in control of the movant—poses a more difficult question. Hodgkins represents that his former lawyer repeatedly told him that he "could appeal nothing" and that, even "[a]fter the sentencing hearing and judgment on July 19, 2021," his prior lawyer reaffirmed that "he could appeal nothing[] and [that] the matter was over." Dkt. 40 at 2–3. Hodgkins further represents, moreover, that despite his inquiries following the Court's imposition of sentence, his prior counsel never offered to file even a protective notice of appeal. Dkt. 45 at 4. In the ordinary course, a mistake or neglect by counsel, standing alone, might not suffice to establish "*excusable* neglect." *Pioneer Inv. Servs. Co.*, 507 U.S. at 396–97 (emphasis added). But, here, Hodgkins's former lawyer, who serves in the Army reserves, deployed overseas almost immediately after the sentencing hearing. Dkt. 40 at 6; Dkt. 45 at 8–10. Hodgkins represents that, although he diligently sought out new counsel, he was unable to retain a new attorney until after August 6, 2021, meaning he was "[w]ithout legal counsel until after the deadline" to notice an appeal. Dkt. 40 at 7. As a result, Hodgkins lacked meaningful representation during the critical 14-day period that he had to notice an appeal. Under these unique circumstances, the Court concludes that Hodgkins's neglect was excusable.

3

Finally, applying the fourth factor, the Court finds that Hodgkins has acted in good faith. For the reasons explained above, the Court has no reason to believe that Hodgkins has engaged in any intentional, dilatory tactics or that his failure to notice his appeal within 14 days was for any strategic or improper purpose. Rather, he was informed by his former counsel that he "could appeal nothing;" his former counsel then deployed overseas; he diligently sought out new counsel; and it was not until he retained new counsel (after the 14-day deadline) that he learned that he might have a basis to appeal—presumably on grounds of ineffective assistance of counsel. As far as the Court can discern, Hodgkins has acted in good faith.

The government opposes Hodgkins's motion on two grounds: (1) that "there is no viable basis to file an appeal," Dkt. 40 at 2, and (2) that Hodgkins has failed to carry his evidentiary burden of proving that his prior counsel provided him with incorrect advice regarding his right to appeal, Dkt. 44 a 1. For present purposes, the Court is unpersuaded by either of the government's arguments. First, the merit (or lack of merit) of Hodgkins's arguments on appeal plays no role in the "excusable neglect" analysis under Rule 4(b). *See Pioneer*, 507 U.S. at 395. Nor is the Court in a position to evaluate the merits of Hodgkins's appellate arguments, which are not presented in his moving papers and which his new lawyer, at best, merely hints at in seeking an extension of time to notice an appeal. Second, the government cites no authority for the proposition that Rule 4 requires "an evidentiary hearing at which defense counsel would testify to identify all of the information counsel knew or should have known" or, even beyond that, requires the defendant to "establish his attorney's ineffective assistance" in advising him regarding his appellate rights. Dkt. 44 at 1–2. Such a requirement would transform the Court's consideration of a routine motion for an extension of time into the equivalent of a full-blown § 2255 proceeding. Such a requirement is also incompatible with the short time that the Court

and the parties have to act on a request of this type—even with the maximum extension permitted under Rule 4, Hodgkins's window to appeal is rapidly closing—and with the deployment of Hodgkins's former counsel overseas.

For present purposes, the Court decides only that Hodgkins is entitled to an extension of time under Rule 4, and will therefore grant Hodgkins's motion to "extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4(b)(4). The merits of that appeal are for a different time and a different tribunal.

Accordingly, the Court hereby **GRANTS** Hodgkins's motion for extension of time to file a notice of appeal.

**SO ORDERED**.

/s/ Randolph D. Moss  
RANDOLPH D. MOSS  
United States District Judge

Date:  September 3, 2021