## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 21-CR-00188-RDM |
| | ) | |
| PAUL ALLARD HODGKINS | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S OPPOSED MOTION TO EXTEND SELF-SURRENDER DATE

The Defendant PAUL ALLARD HODGKINS by and through the undersigned counsel hereby respectfully moves the Court for an extension of his surrender date of September 20, 2021. The extension request is based on the Defense's assurance that Mr. Hodgkins' will file by September 27, 2021 a motion under 28 U.S.C. § 2255, Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody. If this instant motion is granted, Mr. Hodgkins requests a surrender date not earlier than January 20, 2022, absent a final judgment on his 28 U.S.C. § 2255 motion prior to that date. This request further outlines the COVID-19 difficulties in even being able to meet with Mr. Hodgkins if he is imprisoned. The below contains an argument with exceptional reasons for granting the extension of the self-surrender date.

### BACKGROUND AND FACTS

1.  Mr. Hodgkins pled guilty on June 2, 2021 to felony charge 18 U.S.C. § 1512 (c)(2), Obstruction of an Official Proceeding, Dkt. 22; and he was sentenced on July 19, 2021, Dkt. 37 entered on July 23, 2021.

2.  On August 30, 2021, Dkt. 40, the Defense submitted a motion to extend time to file a Notice of Appeal. On September 3, 2021 this Court graciously granted Mr. Hodgins an

extension of time to file a direct appeal based on excusable neglect during the period of July 23, 2021 to August 6, 2021. See Dkt. 46.

3.  Over the short course of time for Mr. Hodgkins to confer with the undersigned and make a final decision on whether to file a direct appeal, he considered the D.C. Circuit's likelihood of remanding the appeal when the trial record does not conclusively show ineffective assistance of counsel. *United States v. Rashad*, 331 F.3d 908, 909-10 (D.C. Cir. 2003) ((quoting *United States v. Fennell*, 53 F.3d 1296, 1303-04 (D.C. Cir. 1995)). With 1-2 inferences too many regarding the record, and an understanding that he was foregoing certain direct challenges, and while 28 U.S.C § 2255 imposes very strict standards to prevail, Mr. Hodgkins' overriding concern involved eliminating as much delay as possible and receiving a decision.

4.  To achieve Mr. Hodgkins' goal of receiving a decision in the most expeditious route, and despite challenges imposed under 28 U.S.C. § 2255, Mr. Hodgkins will proceed under 28 U.S.C. § 2255. There is no gamesmanship or delaying tactic involved with the decision. § 2255 has demanding requirements and limitations for claims under ineffective assistance of counsel but offers Mr. Hodgkins the route with the least delay.

5.  On September 7, 2021 before the time for filing the notice of appeal had run, the Defense notified the AUSA of the upcoming § 2255 motion; and requested that the Government not oppose Mr. Hodgkins motion to extend his self-surrender date so that he may assist with and participate in the proceedings from outside prison and delays.

6.  In opposing the former motion in Dkt. 40 to extend time to allow a direct appeal, the AUSA wrote in Dkt. 44, "the defendant can bring such claims directly, more quickly, and in

a timely fashion, via a motion under 28 U.S.C. § 2255, and his ability to do so is not waived by the plea agreement." The AUSA also raised concerns in Dkt. 44 about the evidence, affidavits, and hearings she foresaw as necessary for a claim of ineffective assistance of counsel.

7.  On September 7, 2021, given the request for this instant motion to allow Mr. Hodgkins' participation and ability to bring claims of ineffective assistance of counsel under § 2255, the Government opposed the extension of the self-surrender date fully aware of the undersigned counsel's newness to the case and despite its previous concerns about delays and evidence.

8.  The Government wrote that its opposition to postpone Mr. Hodgkins report date to execute the sentence was based on its assessment that Mr. Hodgkins "cannot show that his appeal raises a substantial question of law or fact that will likely result in a reduced sentence" and:

> A decision as to whether to release a defendant pending appeal is governed by 18 U.S.C. § 3143(b).  Section 3143(b) mandates that courts detain defendants, like Mr. Hodgkins, who have been found guilty and sentenced to a term of imprisonment, while their appeals are pending unless a defendant shows (1) by clear and convincing evidence that he is not a flight risk or a danger, (2) that the appeal is not for the purpose of delay, and (3) that it raises a substantial question of law or fact that will likely result in reversal, an order of a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment that is less than the total time already served plus the expected duration of the appeal process.

September 7, 2021 Email

9.  The instant motion as previously described to the Government is to extend the self-surrender date to allow interactive development of the § 2255 motion and its proceedings; and is not asking to release Mr. Hodgkins from prison pending appeal.

10.  Mr. Hodgkins "was arrested on February 16, 2021 and released on a Personal Recognizance bond with location monitoring and curfew that same date. He has remained in that status." (Dkt. 30). Since the date of his arrest, Mr. HODGKINS has worked and lived in Tampa with location monitoring, reporting requirements, and a curfew. The probation office for the Middle District of Florida who supervises Mr. Hodgkins reported Mr. Hodgkins' compliance while on release (Dkt. 32 from the AUSA).  Mr. Hodgkins "remains under courtesy supervision with the Middle District of Florida, Pretrial Services" (Dkt. 33 from the US Probation Office) and has no passport.

11. Mr. Hodgkins was never assessed as a flight risk or threat to the community.

12.  At sentencing, the Court ordered that Mr. Hodgkins' custody remain in effect (Dkt. 36 Sentencing Transcript, p.83: 20-22) until self-surrender by direction of the Bureau of Prisons.

13.  § 2255 requires custody. "A person is generally considered 'in custody' if he is being held in a prison or jail, or if he is released on conditions of probation or parole, *see*, *e.g.*, *Jones v. Cunningham*, 371 U.S. 236, 240 (1963) . . . or subject to other non-confinement restraints on liberty, such [as] the inability to 'come and go as she or he pleases'. . . ." *Soloman v. Biden*, Civil Action No. 21-1159 (UNA), at *2 (D.D.C. May 3, 2021). Mr. Hodgkins is in custody for purposes of filing his 28 U.S.C. § 2255 motion although not in prison. Mr. Hodgkins must wear GPS monitoring, may not travel outside the middle district of Florida, has a curfew, and must report his status regularly.

13.  The Defendant was not able to engage counsel for representation until August 18, 2021. While a great deal of time was spent on due diligence, there are the 5 months of prior

proceedings and actions where undersigned counsel was not involved or present when they occurred.

14.   The undersigned intended to have the § 2255 motion prepared to file this upcoming week. That goal was impeded when Mr. Hodgkins, fully vaccinated just this past April, became ill on or about August 30, 2021 and tested positive for Covid-19. To compound matters, the undersigned had to go into full quarantine after lengthy exposure to a vaccinated person who discovered shortly thereafter that they had Covid-19. Required attorney-client meetings to go over the case's record documents, who may provide affidavits, other evidence that needs to be considered, and to verify what Mr. Hodgkins had in his possession or was never given by his former attorney during the case proceedings, became impossible. For alternate communications: Mr. Hodgkins has no scanner or printer, and 12-font printed documents are generally illegible in a Zoom video.

15.   After testing negative toward the end of last week, Mr. Hodgkins has been fully engaged and will be all this week with final preparations to report to prison.

16.   On September 18 - 19, 2021, Mr. Hodgkins must implement decisions regarding care for his cats, vehicle storage and insurance, phone, internet, and residence lease. These are not single day reversible decisions if he must report on September 20, 2021 and is then subsequently released under 18 U.S.C. § 3143(b).


**ARGUMENT**

The following discusses the Government opposition first, where insistence that U.S.C. § 3143(b) applies, and then moves to the Court's ability to grant the extension without use of

5

any "release" process based on appeal when this motion requests the Court to extend the self-report date.  Whether under an exceptional circumstance according to § 3145 or good cause for a motion to extend time, Mr. Hodgkins meets criteria to remain in his current custody status.  Granting this motion allows the § 2255 motion to proceed without the added delays that his imprisonment will cause under COVID-19 restrictions.

**I.  <u>The Court Can Grant a Motion to Extend the Self-Surrender Date Without Use of 18 U.S.C. § 3143(b)</u>**. Since the Government opposes the motion to extend the surrender time and used a statute designed for release when incarcerated, that matter is addressed first. The facts listed above are incorporated here.

**A.  <u>The case record shows that *Mr. Hodgkins is not a flight risk and does not pose a danger to the community*</u>**. Items 10 - 12 above show that he was assessed to not require prison detention during his criminal proceedings and after judgment as he awaited the detention report under self-surrender. Nothing has changed in this regard. Mr. Hodgkins seeks to assist the undersigned with developing his 2255 motion given that the undersigned is so new to the case.

**B.  <u>Mr. Hodgkins is subject to a detention order to report to prison on September 20, 2021.</u>** 18 U.S. Code § 3145(c) - Review and appeal of a release or detention order - states that "A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section *3143(a)(1) or (b)(1)*, may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." (Emphasis added).

(1) Although Mr. Hodgkins is not yet imprisoned, if operating under 18 U.S. Code, then § 3145 can be applied. The next step requires turning to 18 U.S. Code § 3143, Release or Detention Pending Sentence or Appeal. Under 18 U.S. Code § 3143 (a)(1) Release or Detention Pending Sentence:

> . . . the judicial officer shall order that a person who has been found guilty of an offense and *who is awaiting* imposition *or execution of sentence* . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c). (Emphasis added).

18 U.S. Code § 3143(a)(1)

(2)  18 U.S. Code § 3142(b) or (c) address the type of custody Mr. Hodgkins is currently under, such as personal bond, GPS monitoring, curfew, and reporting.

(3)  Given the above, the Court does not have to reach Section 18 U.S. Code § 3143(b). The clear and convincing evidence exists that he is no danger, and he is already under § 3142(b) or (c).

**C**.  <u>**For exceptional circumstance(s), the attorney-client relationship and attorney's exposure to the case is less than 30 days and COVID impacted time**</u>. Incorporating facts 14 -15 supra, during this period, there was a two-week period when quarantines and Mr. Hodgkins' COVID-19 illness prevented progress.

(1)  Mr. Hodgkins will proceed with §2255 to move the decision along without delay. There are 5 months of case activity where undersigned counsel was not involved or present. "Catch-up" with Mr. Hodgkins incarcerated is not likely under COVID-19 prison constraints.

(i)  The §2255 motion is usually a one-shot endeavor and needs to be carefully prepared. While the Court may allow amendments, the submission needs to be complete and in accordance with standards for the claims. All available claims must be brought.

(ii)  The submission of the § 2255 motion is assured by the undersigned, absent natural disaster, a war, or other catastrophe, for a date well in advance of when a direct appeal case and briefing filing would have been required.

(iii)  Mr. Hodgkins' availability outside a prison setting will ensure the motion can be filed and actions can proceed without delay.

(iv)  If Mr. Hodgkins reports on September 20, 2021, he will likely be mostly incommunicado for days if not the first week.

(v)  Mr. Hodgkins does not require *release* from prison and the court can extend the self-surrender report date. Failure of the § 2255 motion will require Mr. Hodgkins to report to prison. Nothing regarding his sentence is reduced by a grant of this motion.

**D**. **COVID-19 prison policies present an exceptional circumstance**. Currently, several federal prisons in Florida are closed or have been closed to visitors of any kind. For the prison Mr. Hodgkins has been ordered to self-surrender to on September 20, 2021,[1] there are over 1000 prisoners, with a majority awaiting or amidst trial. According to the attachment for the prison, under COVID-19 policy, there are only six (6) attorney visit rooms. The attorney visiting hours are Monday through Friday, 7:00 a.m. until 2:0 p.m. Doing the math,

---

[1] The prison identification is redacted since Mr. Hodgkins has not been announced in the system as going there and is not checked in. Although the Court recommended a specific FCI, the BOP did not follow that for their own reasons that are not transparent.

5 days a week times 6 visiting rooms times 7 hours daily means that there are 210 possible attorney visits weekly if the hours are not further restricted.

(1)  Given the type of population at the facility where Mr. Hodgkins is scheduled to report, it is likely that more than 300 attorney visits may be requested weekly. The undersigned may be able to have only one in-person visit once every two weeks, if not every three weeks.

(2)  There is no video teleconference for any hearings or unmonitored attorney remote discussion.  The frequency of unmonitored phone calls is unknown and requires advanced scheduling.

(3)  The designated facility is at best a 4 hour drive each way for the undersigned attorney. During normal traffic hours the trip is more likely to be 9 - 10 hours round trip for what may be a one-hour visit. During the usual Florida monsoons and storm season that continues through October, the travel time can be 6 hours one way.

(4)  An early morning visit will require an overnight stay, adding expenses for a client who already lost his savings and owes restitution. Despite pro bono representation, the costs of trying to proceed with the § 2255 motion involving travel will all have to be advanced by the undersigned, since they are prohibitive to Mr. Hodgkins at this time, with future repayment falling second to restitution.

**E**.  **Denial of this motion will result in delays due to the exceptional circumstance of COVID-19 when combined with travel time**. There is no guarantee any in-person meetings can occur if Mr. Hodgkins' report date is not extended. Any meetings will incur a delay due to limited scheduling. I

**F**.  <u>Delays due to Mr. Hodgkins' incarceration will be further exacerbated by the</u> <u>exceptional circumstance of the former attorney's overseas military duties</u>. Mr. Hodgkins' former attorney is in a time zone 7 hours ahead of current eastern daylight time. Any delays due to his not timely responding will add to any delays caused by Mr. Hodgkins imprisonment with Covid visit restrictions where documents and paperwork will be a component.

   **Conclusion for exceptional circumstances**: Mr. Hodgkins imprisonment can only cause unneeded delay, which both the AUSA and Mr. Hodgkins stated they do not want. If Mr. Hodgkins' § 2255 motion is dismissed, or he otherwise fails, then he goes to prison, and the sentence is executed. It is in the interest of justice that he be able to assist in all facets of the § 2255 motion and proceedings without added delays given the above circumstances. Any delay caused is to his detriment as it extends the time for Mr. Hodgkins to reclaim the right to vote in Florida and to obtain a job with health benefits that is not temporary in nature, among several other issues.

## II.  <u>The Court Can Grant the Motion for Good Cause</u>

   The facts listed above are incorporated here.

### A.  <u>The Rules for § 2255 Allow Mixed Use of the Rules of Criminal and Civil</u> <u>Procedure.</u>

   As with any motion, under the federal rules and local District Court Rules, "good cause" supports extensions of time. Further, "District courts have 'discretionary authority . . . to set a self-surrender date for a defendant.' *See United States v. Cruz*, No. 2:10-cr-115, 2011

WL 4048965, at *1 (M.D. Fla. Sept. 13, 2011)." *United States v. Darr*, No. 2:18-CR-178, at *1 (S.D. Ohio June 5, 2019). "Defendants seeking an extension of their self-surrender date must generally show 'good cause' for the request. *See United States v. George*, No. ED-cr-12-065, 2015 WL 13450241, at *3 (C.D. Cal. Nov. 30, 2015)." *United States v. Darr*, No. 2:18-CR-178, at *1 (S.D. Ohio June 5, 2019).

   **B**. **Mr. Hodgkins has "good cause" that supports the motion to extend his surrender date.** Here, the "good cause" is closely aligned with the exceptional circumstances discussed in Section I above.  He wants to avoid delay. The undersigned attorney is new to the case and needs his input to properly complete the § 2255 motion. Given an assessment of the evidence not in the record, Mr. Hodgkins will most likely be required to submit his own statements but can only receive what is said and decided at proceedings by a third party. The restrictions imposed on attorney visits due to COVID-19, combined with the round-trip distance, will add delays and expenses that will not be added if Mr. Hodgkins is allowed to remain in his current custody status,

   **Conclusion for Good Cause:** There is good cause for the court to grant Mr. Hodgkins an extension of his self-surrender date of September 20, 2021 to January 20, 2022. The delays and expenses that will be caused by imprisonment will make § 2255 motion filing and proceedings much more difficult.

## CONCLUSION

   Whether proceeding under the statute using exceptional circumstances or the standard of good cause for a motion to extend time, Mr. Hodgkins meets both criteria.  Mr. Hodgkins is not imprisoned where he requests relief. He is asking for good cause relief.

**WHEREFORE**, PAUL ALLARD HODGKINS requests that the Court grant the

motion and enter the attached, proposed order.

September 13, 2021                          Respectfully submitted,
                                            /s/ Carolyn A. Stewart

                                            Carolyn A. Stewart, FL Bar No. 1205715
                                            Defense Attorney
                                            Stewart Country Law PA
                                            1204 Swilley Rd.
                                            Plant City, FL 33567
                                            Tel: (813) 659-5178
                                            Email: Carolstewart_esq@protonmail.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 21-CR-00188-RDM** |
| | : | |
| **PAUL ALLARD HODGKINS** | : | |
| | : | |
| **Defendant.** | : | |

## <u>ORDER</u>

This matter having come before the Court upon the Defense's opposed Motion to

Extend of the self-surrender date, for good cause shown, it is hereby

**ORDERED** that the motion is granted and it is further

**ORDERED** that Defendant Hodgkins' self-surrender date will be no earlier than

than January 20, 2022 unless otherwise ordered..

**SO ORDERED** this _____ day of _____, 2021.

_____
HONORABLE  Randolph D. Moss
United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

On this 13th day of September 2021, a copy of the foregoing was served upon all

parties as forwarded through the Electronic Case Filing (ECF) System.

*/s/ Carolyn A. Stewart*

Carolyn A. Stewart
Attorney

2