**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 21-cr-188-RDM** |
| **v.** | : | |
| | : | |
| **PAUL A. HODGKINS,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S**
**MOTION TO EXTEND SELF-SURRENDER DATE**

The United States of America, by and through its attorney the Acting United States Attorney of the District of Columbia, opposes the defendant's motion to extend his September 20, 2021, self-surrender date while he pursues a claim of ineffective assistance of counsel under 28 USC § 2255.   Hodgkins pled guilty pursuant to a written plea agreement.   At his change of plea hearing, the Court engaged in an extensive colloquy with Hodgkins prior to accepting his plea. The Court later sentenced the defendant to eight months in custody, granting a substantial downward variance to a sentence that was well below the Sentencing Guidelines as set forth in the plea agreement.   Indeed, part of the Court's rationale as to this variance was the defendant's earliest acceptance of a responsibility for a felony defendant.   A final judgment was entered against him.  Hodgkins was ordered to self-surrender on September 20, 2021.   A week prior, Hodgkins now moves to "extend his self-surrender date" to a date "not earlier than January 20, 2022, absent a final judgment on his 28 U.S.C. § 2255 motion prior to that date." ECF 47 at 1. He argues that he needs more in-person attorney visits to file a § 2255 motion, and, relatedly, that the designated facility is too far away and has COVID-19 safety restrictions that will limit his in-person attorney visits.   The Court should deny the defendant's motion, because he has failed to

present a "substantial challenge" to his conviction or sentence and has failed to establish circumstances making his case for release "exceptional and deserving of special treatment in the interests of justice."

## BACKGROUND

Hodgkins was arrested initially by complaint on February 16, 2021, stemming from his participation in the riotous attack on the U.S. Capitol Building on January 6, 2021. Dkt. 1, 5. On March 5, 2021, a five-count indictment was returned, charging him with 18 U.S.C. §§ 1512(c)(2), 2; 18 U.S.C. §§1752(a)(1) and (2); and 40 U.S.C. §§ 5104(e)(2)(D), (G). Dkt. 11. He was released on his own recognizance, with other conditions of release, including a curfew and location monitoring. Dkt. 5, 9. On June 2, 2021, pursuant to a written plea agreement, the defendant pleaded guilty to a single count of violating 18 U.S.C. § 1512(c). Dkt. 22, 23. As part of the plea agreement, the government agreed to dismiss the remaining counts of the indictment, the defendant agreed to the incorporated Statement of the Offense, and the parties agreed that certain Sentencing Guidelines calculations would apply. *Id.* Under the terms of his plea agreement, he retained the right (among others) to assert a claim of ineffective assistance in a Section 2255 motion. Dkt. 22.

During his change of plea hearing, the Court engaged in a lengthy colloquy with the defendant. (Minute Entry June 2, 2021, Dkt. 41 Transcript of Change of Plea hearing). Among other topics, the Court asked Hodgkins if he was "fully satisfied" with the services of his lawyer, and Hodgkins confirmed, "I am satisfied with his services, Your Honor." Transcript p. 7. The Court asked Hodgkins if he had "had an opportunity to fully discuss" the charges with his lawyer, and Hodgkins confirmed that he had. *Id.* The Court asked Hodgkins if he had had "enough time

to talk with him about your case" and "enough time to talk about the plea offer and whether you should accept it," to which Hodgkins both times replied in the affirmative.  (Transcript p. 8). The Court then went on to explain in detail to Hodgkins the various provisions of Hodgkins' plea agreement, including the specific waiver provisions.  Hodgkins confirmed that he understood those waivers.  *Id.* at 10-11.  The Court asked Hodgkins if he had read his plea agreement and understood its terms, and Hodgkins agreed that he had done so.  *Id.* at 21.  The Court noted that the offense carried a 20-year statutory maximum and then explained Hodgkins' Guidelines calculations of 15-21 months' imprisonment, which Hodgkins indicated that he understood.  *Id.* at 21, 26.

In its sentencing memorandum and during oral argument, the government recommended an 18-month, mid-point Guidelines sentence.  Dkt. 32.  Hodgkins sought a downward variance pursuant to 18 U.S.C. § 3553(a) and argued for a probationary sentence. Dkt. 29.  The U.S. Probation Office conducted an investigation, issued a presentence investigation report, and ultimately recommended a 15-month sentence. Dkt. 30.

Hodgkins was sentenced by this Court on July 19, 2021.  Dkt. 36.  The Court granted a downward variance under the 18 U.S.C. § 3553(a) factors and sentenced Hodgkins to a term of eight months in custody, which was well below the government recommendation, U.S. Probation's recommendation, and the Court's own calculation of the U.S. Sentencing Guidelines.  Minute Entry July 19, 2021.  *Id.*  The government did not, at the time, seek to have Hodgkins remanded to custody, and the Court ordered that he be permitted to self-surrender.  Dkt. 36.  A final judgment was entered against him on July 23, 2021.  Dkt. 37.

The defendant then obtained new counsel, as he awaited his designation and self-surrender

date.   His date was initially scheduled for early September and then re-scheduled to September 20.   His first strategy was to file a direct appeal.   Although he failed to file a timely notice of appeal, on August 30, he filed a motion for an extension of time to do so, which the Court granted over the government's objection.   Dkt. 40, 46.

The defendant then changed course and decided that, rather than file a direct appeal, he intends to file a collateral attack under 28 U.S.C. § 2255, based on a claim of ineffective assistance of counsel.   (Def. Motion p. 2).   A mere seven days before his self-surrender date, on September 13, he moved the Court to postpone his self-surrender to no earlier than January 20, 2022. (Def. Motion p. 1).   In essence, he argues that he is entitled to a six-month postponement of his surrender date because (1) he can only prepare his § 2255 claim by meeting in person with his attorney, rather than via telephone or online video platform; (2) the designated Bureau of Prisons facility is a long drive from his defense attorney's office (counsel that he so chose); and (3) the designated facility has COVID restrictions that he believes will likely limit his ability to have in-person attorney visits.

## ARGUMENT

Hodgkins' motion should be denied, and he should self-surrender on September 20, 2021. As a threshold matter, 18 U.S.C. § 3621(a) provides that a "person who has been sentenced to a term of imprisonment . . .  *shall be committed* to the custody of the Bureau of Prisons until the expiration of the term imposed, or until earlier released for satisfactory behavior pursuant to the provisions of section 3624."   18 U.S.C. § 3621(a) (emphasis added).

The legal standard here is admittedly unclear, perhaps because of the unusual nature of the defendant's request.   Two analogous legal standards make it clear Hodgkins has a very high

burden, which he has fallen woefully short of meeting.  A defendant seeking release[1] during collateral review must show (1) not only that he has presented a "substantial" challenge to the validity of his conviction or sentence but also that (2) "circumstances making [his case for release] exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S. Ct. 3, 5 (1964).  Here, the defendant has not met this standard. There is no indication that his ineffectiveness claim, which he has not yet fleshed out, presents a substantial challenge to the validity of his guilty plea or his sentence.  *See Cherek v. United States*, 767 F.2d 335 (7th Cir. 1985) (power to grant release pending decision on collateral attack is to be "exercised very sparingly").

The closest statutory analog here is found in 18 U.S.C. § 3143(b).  This provision mandates that courts "*shall* detain" defendants who have been found guilty and sentenced to a term of imprisonment while their appeals are pending unless a defendant shows (1) by clear and convincing evidence that he is not a flight risk or a danger, (2) that the appeal is not for the purpose of delay, and (3) that it raises a substantial question of law or fact that will likely result in reversal, an order of a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment that is less than the total time already served plus the expected duration of the appeal process.

Here, although not mounting an appeal, the defendant cannot show that his collateral challenge raises a substantial question of law or fact that will likely result in a reduced sentence. Nor is it clear that the defendant's challenge is not motivated by an attempt to delay serving his

---

[1] Here, Hodgkins is not yet in custody of the Bureau of Prisons so he is not seeking "release" *per se*.

sentence.   Moreover, the defendant, who conceded that § 2255 "imposes strict standards" (Def. Motion, p. 2), has not fleshed out the basis for his anticipated ineffective assistance of counsel claim.   He has not submitted sworn statements.   His new counsel's allegations, to the extent they can be discerned from the filings, are not evidence.   It bears noting that, during his plea colloquy with the Court, the defendant expressly stated that he was satisfied with his counsel, and he acknowledged that he read the plea agreement and understood it before he signed it.   The Court also made it clear that the statutory maximum was 20 years and spelled out the Guidelines.   Nor has the defendant pointed to what prejudice any purported deficiency by counsel caused.   Thus, to the extent that the defendant claims (again without support) that defense counsel promised him no jail time, for example, the Court's extensive colloquy makes it clear that the defendant understood what his possible penalties were and that it was ultimately the Court that would determine those penalties.   *See United States v. Maxine Williams*, 21-cr-260 (APM) (Order Denying Motion to Stay Execution of Sentence, Sept. 7, 2021, Dkt. 51).   Hence, his ineffectiveness claim does not appear to present a substantial question of law or fact; to the contrary, his claim appears to be contradicted by his own statements in open court.   *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (noting the "strong presumption of verity" that attaches to a defendant's statements in open court).

Defendant also argues that the Court must defer his surrender date to a date not earlier than January 20, 2022 (unless the Court decides his § 2255 motion before then) because of purported issues that his counsel will have in meeting with him if he is in BOP custody. As the Court is aware, in the situation presented here, the defendant has one year from the date that his conviction becomes final to file his § 2255 motion.   28 U.S.C. § 2255(f)(1).   Defendant has not shown that

he cannot file his motion within this time frame; he has merely argued that it will be less convenient

for counsel to file his motion if he is in BOP custody. In short, the defendant has pointed to no

authority that supports his proposition that a defendant is entitled to release during the pendency

of his collateral attack so that he can more easily meet with his attorney in person and, in his view,

more effectively mount a post-conviction collateral attack.   The Court should decline the

defendant's invitation to announce a new rule to that effect.


Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793


By: _____*/s/ Mona Sedky*_____
Mona Sedky
Special Assistant United States Attorney
D.C. Bar. Bar 447968
555 4th Street, N.W., Rm. 4842
Washington, D.C. 20530
(202) 262-7122; Mona.Sedky2@usdoj.gov