UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | Case No. 21-CR-00188-RDM |
| | ) | |
| **PAUL ALLARD HODGKINS** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO EXTEND SELF-SURRENDER DATE

The Defendant PAUL ALLARD HODGKINS by and through the undersigned counsel hereby respectfully submits a reply to the Government's response, Dkt. 48, filed on September 14, 2021 to Mr. Hodgkins' motion at Dkt. 47 to extend time to self-surrender

### REPLY TO ERRORS IN THE GOVERNMENT RESPONSE

1. As stated in the Defense motion at Dkt. 47, Mr. Hodgkins is requesting an extension of time to self-surrender to the designated Bureau of Prison facility as scheduled on September 20, 2021. He is not requesting a *release* as woven throughout the Government response. He is in custody - but not imprisoned where the use of *release* would apply. The motion sought no change to his current custody. The motion requested a reasonable time for Mr. Hodgkins to get his 28 USC § 2255 action underway given the circumstances detailed in the Defense motion.

2. The Government argument glosses over the substantive content of the request to extend time to self-surrender so that Mr. Hodgkins may timely assist with the preparation of and court proceedings for his 28 USC § 2255 motion without delays. Such delays will be caused by the prison facility's COVID-19 restrictions to his access to counsel, and counsel's

access to him, as well as distance. The Government demands immediate surrender even though COVID-19 restrictions will impede and delay the undersigned attorney's and Mr. Hodgkins' gathering of evidence, statements, and affidavits that will most likely be required; and must originate from knowledge held by Mr. Hodgkins. Mr. Hodgkins' final decision to not proceed on direct appeal was not arbitrary or a "strategy" (Dkt 48 at 5) - it was based on emerging facts that indicated the record as would be seen by the Circuit Court would require remand to this Court. Delay is antithetical to Mr. Hodgkins' goal of resolving his case quickly.

    3.  The Government contends that Mr. Hodgkins should serve the eight months prison sentence, and if his 28 USC § 2255 claim is delayed until after his release eight months from now, he still has time to proceed. *Id.* at 6. Thus, while the Court can extend the self-surrender date for a period it sees fit to allow for exceptional circumstances and good cause, the Government contends that justice is served if the Court disregards all good cause and ignores serious delays that should reasonably be expected under COVID conditions. The Government discounts the potential reversal of the conviction and sentence, and in its response the Government tried Mr. Hodgkins' case that is not yet filed.

    4.  Mr. Hodgkins requests no "special treatment" as asserted by the Government. Dkt. 48 at 2. He never used the word "entitlement" as claimed by the Government. *Id.* at 4. Since Mr. Hodgkins did not know his designated facility when he obtained counsel, it is unclear what the Government infers when it claims the driving time for counsel to the prison is a result of a choice of counsel made by Mr. Hodgkins. *Id.* Counsel's drive to the facility is no more than an hour more than it would be from Mr. Hodgkins' residence.

5. Unless the Government has new information not published by the facility and not available to the undersigned, the prison where Mr. Hodgkins is designated to report to has no "on-line video platform" for prisoner use. Dkt. 48 at 4.  In the Defense motion, the undersigned outlined the availability for contact and attached what the facility published. Further, the Government cannot know that all visitations will not be closed, as has happened at other federal facilities in Florida. This case involves documents and Mr. Hodgkins' access to his legal file and records, and not just talk via limited unmonitored phone calls that cannot be conducted without advanced scheduling.

6. Mr. Hodgkins is not trying to delay prison time as the Government asserts. Nor has he asked for a six-month delay to his self-surrender date as the Government states. *Id*. at 6. Mr. Hodgkins requested four months until self-surrender. He understands this is not a right. Mr. Hodgkins is not confident the 28 USC § 2255 action will be complete by January 20, 2022. He provided a reasonable time for the Court to consider, particularly since the Defense anticipates delays from the AUSA based on what may be required by the AUSA from the former attorney who is in Qatar.

7. In its argument, the Government ignores that this Court upon sentencing may immediately remand to prison, set a future date to self-surrender, or as was done in Mr. Hodgkins' case, allow a self-surrender date as determined by the Federal Bureau of Prisons (BOP) based on facility availability. The Court retains control over the self-surrender date until such time as Mr. Hodgkins reports to the BOP facility.  Yet the Government insists there is no authority while incorrectly claiming the Defense is requesting *release*. *Id*. at 7.

8. The Government insists that Mr. Hodgkins is asking for a *release* and declares that Mr. Hodgkins must go to prison and then prove by his 28 USC § 2255 motion that he meets the applicable 18 U.S.C. § 3143 statutory standards to be released because he has not met the standard in a case not yet filed for which the time extension applies. Under the Government's argument, no defendant in home custody can request with good cause or exceptional circumstances an extension of time to self-surrender from this Court. The Defense presented good cause and exceptional circumstances.

9. The Government states out of context that Mr. Hodgkins was due to self-surrender in early September and then rescheduled to September 20; and he gives a mere seven days to extend his self-surrender date. Dkt. 48. at 4. The BOP responsibly rescheduled Mr. Hodgkins' self-surrender date based on his COVID-19 illness and infectiousness. The undersigned gave notice to the Government on September 7, 2021 that a 28 USC § 2255 motion rather than direct appeal was likely, and that Mr. Hodgkins would be requesting an extension of his self-surrender date. The Government immediately opposed. Counsel allowed time for the Government to reconsider. The Government had since September 7 to craft its response.

10. This is not a matter of "convenience" as the Government asserts. *Id*. at 7. "Convenience" would have been to take the direct appeal route. Mr. Hodgkins' reasonable goal has nothing to do with the "convenience" of the undersigned.

11. Mr. Hodgkins is certain he will file the 28 USC § 2255 motion. Since recently testing negative for COVID-19, he has been preparing for prison in the final period allowed for by the BOP. Serious matters that justified a direct appeal remain, but the 28 USC § 2255

4

motion is limited to collateral attack. Substantial issues of fact and law not on the record have arisen in the past week.

12. The Government should be aware that claims not presented in the 28 USC § 2255 filing will be precluded in the future. This is serious business that cannot be rushed and cannot be conducted with the limited and restricted communications between the undersigned and Mr. Hodgkins if he immediately goes to prison. Time already was lost due to COVID-19. Mr. Hodgkins is not acting pro se and the Government should not expect him to do so, or advocate for impediments to the attorney-client relationship at this critical juncture.

13. The Government claims that Mr. Hodgkins participated in a riotous attack on the U.S. Capitol building. Dkt. 48 at 2. No evidence was ever presented in the record that Mr. Hodgkins attacked any person, building or object. He peacefully walked through open doors. He remains remorseful for entering the building and adding to the numbers of those inside.

## CONCLUSION

Mr. Hodgkins has a substantial challenge to his conviction and will raise a substantial issue of law or fact that the Court will decide upon as regards overturning the conviction and sentence. Those issues do not need to be litigated here as the Government attempts to do. Mr. Hodgkins stated in his motion that he would like resolution as quickly as possible, while the Government now argues for delays, even going so far as to state Mr. Hodgkins can resolve any 28 USC § 2255 filing eight months down the road. In the interests of justice, Mr. Hodgkins requests that the Court consider his good cause and exceptional circumstances for a short extension of his self-surrender date.

**WHEREFORE**, PAUL ALLARD HODGKINS requests that the Court grant the motion to extend his self-surrender date until January 20, 2022 or until such time as the court sees fit in the interests of justice and judicial efficiency.

September 15, 2021  Respectfully submitted,
/s/ Carolyn A. Stewart

Carolyn A. Stewart,
Defense Attorney; D.C. Bar No. FL0098
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
Tel: (813) 659-5178
Email: Carolstewart_esq@protonmail.com